Entered: January 26th, 2018
Signed: January 26th, 2018

**SO ORDERED**

THE PROSPECTIVE RELIEF GRANTED IN THE FINAL ORDERED PARAGRAPH HEREIN COMMENCES ON THE DATE OF ENTRY OF THIS ORDER.



_____
WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| IN RE:<br>MICHELLE QUARLES AKA MICHELLE W. QUARLES AKA MICHELLE WASHINGTON QUARLES<br>    Debtor | BCN#: 17-15211-WIL<br><br>Chapter: 11 |
| WELLS FARGO BANK, N.A.<br>and its assignees and/or successors in interest,<br>    Movant,<br>v.<br>MICHELLE QUARLES AKA MICHELLE W. QUARLES AKA MICHELLE WASHINGTON QUARLES<br>    Debtor<br>    Respondents<br>_____ | **CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM STAY** |

This matter came on to be heard upon consideration of the Motion of Wells Fargo Bank, N.A. for Relief from Automatic Stay of 11 USC Section 362(a) as well as the co-debtor stay of 11 USC Section 1301(a) as to certain real property at 10011 WELSHIRE DR, Upper Marlboro, MD 20772; and

It appearing that the parties consent to the entry of this Order,

IT IS HEREBY ORDERED, that the automatic stay of 11 USC Section 362 (a) is hereby modified so as to permit the Movant to commence foreclosure proceedings in accordance with applicable state law and pursuant to the terms of the deed of trust securing the Movant as to the

real property designated as 10011 WELSHIRE DR, Upper Marlboro, MD 20772, subject to the terms in this Order.

IT IS FURTHER ORDERED, that by endorsement of this Order, counsel for the Debtor agrees that the automatic stay shall be modified to permit the secured note holder or servicer to mail the Debtor payment coupons and statements, payment change notices, notices of late payments and any other statement or notice other than a notice of acceleration or foreclosure notice, normally sent to mortgagors in the ordinary course of business. All communications including but, not limited to, notices required by state law, sent by Movant in connection with proceeding against the property may be sent directly to the Debtor.

IT IS FURTHER ORDERED, that the Movant shall forbear from exercising any rights to foreclosure under applicable law as to the subject real property provided that, and so long as, the Debtor performs under the note and security instrument and complies with the following terms and conditions of this Order:

a) The Debtor shall file a Chapter 11 bankruptcy plan within 30 days of entry of this order.

b) The Debtor may submit a loss mitigation application to Movant (copying counsel for the Movant) and Movant agrees to review the Debtor for modification or other foreclosure avoidance options, without denying such modification request on the basis of default under a prior modification effort or agreement or loan default. Any agreement shall be subject to the Court's review and approval.

c) Movant asserts that the contractual arrearage on the claim is $204,448.06 from January 1, 2011 through September 1, 2017, which amount includes 11 contractual monthly payments of $2,316.67; 11 contractual monthly payments of 2,354.40; 1 contractual monthly payment of $2,338.67; 12 contractual monthly payments of $2,376.40; 12 contractual monthly payments of $2,414.14; 12 contractual monthly payments of $2,480.40; 2 contractual monthly payments of $2,854.43; 4 contractual monthly payments of $2,855.85; 10 contractual monthly payments of $2,883.26; and 6 contractual monthly

|     |     |
| --- | --- |
|     | payments of $2,918.58, and includes $0.00 for legal fees and costs. The Debtor may contest the amount of the asserted contractual arrearage. Without admitting the amount of such arrearage or the amount or validity of Movant's claim, the Debtor agrees to make adequate protection payments as provided below. |
| d)  | The Debtor shall make adequate protection payments by making monthly payments of $1,650.00 each beginning with October 1, 2017 and continuing on the 1st day of each month thereafter, provided that a payment shall not be deemed late if made on or before the 15th day of each month. The adequate protection payments shall stop once the Chapter 11 bankruptcy plan is confirmed or an order is entered determining the treatment of the Movant's claim otherwise. |
| e)  | All payments made pursuant to this Order shall be applied first to reimburse the creditor for its attorney fees and costs (in connection with this motion), in the amount of $0.00. All further payments will be applied to the debt in the manner prescribed by the mortgage note and mortgage. |
| f)  | If the debtor defaults upon payment under the terms of this order or if any payments are made pursuant this order, but subsequently fail to clear and are dishonored, then: |
| •   | the Movant shall mail to the Debtor and Debtor's counsel, and file with the Court, a notice setting forth the amount and nature of the default under the terms of this Order. |
| •   | the Debtor may within twelve days of mailing the notice of default submit the required payment to bring the Debtor current pursuant to the terms of this order. Any cure of a notice of default must include all amounts set forth in the notice of default as well as any payments which have subsequently accrued under the terms of this order and are due at the time the cure payment is tendered. |
| g)  | Acceptance of partial payment by the Movant or Secured Creditor during the cure period shall not constitute a satisfaction or waiver of the notice of default; the forbearance |

provisions of this order shall terminate on the expiration of the twelve day period in the absence of complete cure, notwithstanding partial payment.

h) If the default is not cured within the cure period, or if no response is filed to said notice, within twelve days of the mailing of the notice, which response denies the default specifically referencing the amounts paid by the Debtor since the entry of the Order by check, money order, and by requesting a hearing, the forbearance provisions of this order shall terminate and the Movant shall be free to foreclose its security interest, upon the mailing of a Notice, to all parties and the Court, of Movant's right to foreclose its security instrument. Upon filing of the Notice of Secured Creditor's right to foreclose, a subsequent bankruptcy filing by the Debtor or any party to which he/she may transfer the property, will not create a stay as to the property and will be ineffective as to the Movant for a period of two (2) years. Subsequent to such foreclosure sale, the Movant may take all lawful actions in accordance with state law, to take possession of the property and shall, pursuant to Local Bankruptcy Rule 4001-3, provide a copy of the Report of Sale and all Auditor's Reports to the Bankruptcy Trustee if there is a surplus over and above the debt owed to the foreclosing noteholder.

IT IS FURTHER ORDERED AND AGREED that the Debtor's right to cure shall be limited to two (2) such opportunities and that upon the filing of a third default under the terms of the order; there shall be no further opportunity to cure and the Secured Creditor may proceed to foreclose its security interest in the subject real property.

IT IS FURTHER ORDERED AND AGREED that should a final Notice of Relief be filed with the Court, the Movant may stop filing and serving Notices of Payment Change and/or Notices of Post-Petition fees, Expenses and Charges as required under Federal Bankruptcy Rule 3002.1(b) and 3002.1(c) respectively.

IT IS FURTHER ORDERED AND AGREED that the Movant may at its option, offer, provide and enter into any potential forbearance agreement, loan modification, short sale, or other loan workout/loss mitigation agreement;

IT IS FURTHER ORDERED AND AGREED that should the instant case be converted for any reason to a case under any other chapter of the Bankruptcy Code, or if the default is not cured through the Notice of Default process, or if the instant case is dismissed, the Movant may immediately be free to exercise all rights provided by the security instrument as the forbearance provisions of this order shall terminate upon conversion, dismissal.  Also, that a subsequent bankruptcy filing by the Debtor or any party to which he/she may transfer the property, will not create a stay as to the property and will be ineffective as to the Movant for a period of two (2) years.

I ask for this:
/s/ Renee Dyson

_____
William M. Savage, Esquire
Federal I.D. Bar No. 06335
Kristine D. Brown, Esquire
Federal I.D. Bar No. 14961
Renee Dyson, Esquire
Federal I.D. Bar No. 18377
Thomas J. Gartner, Esquire
Federal I.D. Bar No. 18808
Counsel for Movant
ecf@logs.com


Seen; Agreed:

/s/ Augustus T. Curtis

_____
Augustus T. Curtis, Counsel for Debtor

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/ Renee Dyson on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

/s/ Renee Dyson
_____
Kristine D. Brown, Esquire
William M. Savage, Esquire
Renee Dyson, Esquire
Thomas J. Gartner, Esquire

Copies of this order are to be sent to:

MICHELLE QUARLES
10011 WELSHIRE DR
UPPER MARLBORO, MD 20772

DONALD QUARLES
10011 WELSHIRE DR
UPPER MARLBORO, MD 20772

US TRUSTEE - GREENBELT
6305 IVY LANE, SUITE 600
GREENBELT, MD 20770

AUGUSTUS T. CURTIS
2600 TOWER OAKS BLVD.
SUITE 103
ROCKVILLE, MD 20852

SHAPIRO & BROWN, LLP
10021 BALLS FORD ROAD, SUITE 200
MANASSAS, VIRGINIA 20109

20 LARGEST UNSECURED CREDITORS

15-248242

**END OF ORDER**