UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHELLE W. QUARLES, ) | Case No. 17-15211-WIL |
| ) | Chapter 11 |
| Debtor. ) | |
| _____ ) | |

**MOTION TO ENFORCE ORDER CONFIRMING CHAPTER 11 PLAN
AND TO COMPEL CREDITOR TO IMPLEMENT PLAN**

Michelle W. Quarles ("Debtor"), Debtor in the above-captioned case, files this motion (the "Motion") pursuant to 11 U.S.C. §§1141 and 1142, requesting an Order enforcing the Order Confirming the Debtor's Chapter 11 Plan and compelling BB&T Bank to Implement the terms of the Chapter 11 Plan in the present case, showing this Honorable Court as follows:

**INTRODUCTION**

1. The present Motion pertains to the treatment of the claim of Branch Banking and Trust Company ("BB&T") in the Debtor's Second Amended Chapter 11 Plan of Reorganization (the "Plan"), which was filed on August 29, 2018 and confirmed by the Court on December 17, 2018. In the Plan, the Debtor proposed treatment in two Classes (Classes III and V) of the secured claim of BB&T, which was secured by two deeds of trust, a first priority deed of trust against property of the Debtor at 5006 7th Street, NW, Washington, DC 20011 (the "7th Street Property"), and a second priority deed of trust against property at 3509 24th Street NE, Washington, DC 20018 (the "24th Street Property). In Class III, the Debtor valued the BB&T lien against the 7th Street Property and proposed repayment terms for such lien. In Class V, the Debtor "stripped" BB&T's lien from the 24th Street Property, stating that such lien would be avoided on the date of confirmation of the Plan.

2. BB&T agreed to the treatment of its claim in the Plan, and it executed a ballot in favor of the Plan. Despite this fact, however, after confirmation of the Plan, BB&T refused to dismiss a pre-bankruptcy foreclosure action filed against both the 7th Street Property and the 24th Street Property in the Superior Court for the District of Columbia, claiming that it was entitled to hold the foreclosure action open indefinitely while the Debtor continued the payments provided under the Plan with regard to the 7th Street Property. BB&T also refused to file a satisfaction or other document in the land records for the District of Columbia concerning the lien against the 24th Street Property, despite the avoidance of the BB&T lien against such property.

## ARGUMENT AND CITATION TO AUTHORITY

3. Section 1141(a) of the Bankruptcy Code governs the effect of confirmation of a Chapter 11 plan of reorganization, providing in relevant part that --

> …the provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan.

*See* 11 U.S.C. §1141. Pursuant to Section 1141, upon entry of an order confirming a chapter 11 plan, the terms of the order and the plan constitute a final binding order accorded *res judicata* effect as to claims arising thereunder. *See* Bizzell V. Hemingway, 548 F.2d 505 (4th Cir. 1977); DNK Properties Crystal Lake v. Mutual Life Ins. Co. of New York, 112 F.3d 257, 259 (7th Cir. 1997) (*citing* In re Heritage Hotel Partnership I, 160 B.R. 374, 377 (9th Cir. BAP 1993), *affirmed* 59 F.3d 175 (9th Cir. BAP 1995); *see also* Katchen v. Landy, 382 U.S. 323, 334 (1966) ("the ordinary rules of *res judicata* and collateral estoppel apply to the decisions of bankruptcy courts").

4. Where creditor's actions after entry of confirmation violate the terms of a confirmed Chapter 11 plan, bankruptcy courts have authority to enforce the plan, including by ordering dismissal of non-bankruptcy litigation which interferes with the debtor's implementation of the plan. *See e.g.,* In re Residential Capital, LLC, 2014 Bankr. LEXIS 1810, at *27 (Bankr. S.D.N.Y. Apr. 23, 2014) (compelling creditor to dismiss litigation on penalty of contempt); *See also*, Allied Tech., Inc. v. R.B. Brunemann & Sons, Inc., 25 B.R. 484, 501 (Bankr. S.D. Ohio 1982) (Sanctioning creditor for continuing state court action post-confirmation).

5. Similarly, section 1142(b) of the Bankruptcy Code governs a bankruptcy court's post-confirmation jurisdiction to implement Chapter 11 plans. In re Cary Metal Prods., Inc., 152 B.R. 927, 931 (N.D. Ill. 1993). Pursuant to Section 1142(b), the Bankruptcy Court may direct any party to –

> …execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan.

*See,* 11 U.S.C. §1142(b). Section 1142 is intended to provide bankruptcy courts with broad authority to order parties to comply with reorganization plans. *See* In re Goldblatt Bros., Inc., 132 B.R. 736, 741 (N.D. Ill. 1991). Section 1142(b) empowers the bankruptcy court to enforce the unperformed terms of a confirmed plan where the confirmed plan sets forth the agreement of the parties. *See e.g.,* In re U.S. Brass Corp., 301 F.3d 296, 306 (5th Cir. 2002)*;* Vill. of Rosemont v. Jaffe (In re Emerald Casino, Inc.), 334 B.R. 378, 386-87 (N.D. Ill. 2005).

6. In the present case, both Section 1141 and 1142 are implicated by the actions of BB&T after confirmation of the Plan. First, BB&T's actions flatly violate the provisions of the Plan relating to the 24th Street Property. The Plan, which was proposed with the agreement of

BB&T, states that BB&T's second priority deed of trust against the 24th Street Property is avoided <u>effective upon confirmation of the Plan</u>. Accordingly, after confirmation of the Plan, BB&T holds no lien against the property and cannot assert such rights through a continued foreclosure action. Despite this, BB&T refuses to dismiss the foreclosure action with respect to the 24th Street Property, and it refuses to record a certificate of satisfaction concerning its avoided lien.

7. BB&T has offered no reason for its refusal to comply with the Plan. In response to the Debtor's requests that it dismiss the action as to the 24th Street Property, BB&T has simply stated that the foreclosure action is "stayed" by the automatic stay and that it has no obligation either to dismiss the action or to release the 24th Street lien. How it can justify maintaining this position when its lien has been avoided, BB&T cannot or will not articulate. The Debtor submits that BB&T's rights were eliminated under the Plan, and that it should be compelled to comply with the Plan and implement the terms of the Plan by recording a certificate of satisfaction.

8. With respect to the 7th Street Property, the Debtor also submits that BB&T cannot maintain a foreclosure action (even one it claims is "stayed" by the automatic stay) while the Debtor carries out the terms of the Chapter 11 Plan. The Plan provides that the Debtor shall make payments to BB&T based on an agreed balance due, together with 4% interest *per annum*, over a new mortgage term of ten (10) years, followed by a balloon payment of all remaining principal and interest at the conclusion of such term. The Debtor is complying with the Plan, and BB&T should not be permitted to hold open a foreclosure action for ten (10) years while the Debtor continues to act pursuant to the Plan.

9. The actions of BB&T are materially interfering with the Debtor's reorganization. The Debtor has attempted to refinance the first mortgage regarding the 24th Street Property, but

she has been informed that the pendency of the foreclosure action against the property prevents any refinance of the property.  Regarding the 7th Street Property, the Debtor will likewise need to refinance the property to fully effectuate her reorganization, since at the conclusion of the ten (10) year repayment period under the plan, the Debtor is responsible for a balloon payment of remaining principal and interest. If, as BB&T asserts, it is entitled to maintain the foreclosure action for the ten-year period during which the Debtor continues to carry out the terms of the Plan, this will dramatically impair her ability to refinance the property at the conclusion of the period.

  10. The confirmation of the Plan has avoided BB&T's mortgage against the 24th Street Property, and the Debtor has restructured her obligations regarding the 7th Street Property. BB&T's effort to hold the foreclosure action open regarding the two properties violates the terms of the Plan, and it should be compelled to seek dismissal of the foreclosure action and record a certificate of satisfaction concerning the 24th Street Property.

  WHEREFORE, Defendant Michelle Quarles respectfully prays the Court enter an Order pursuant to Section 1141 and 1142 of the Bankruptcy Code, compelling BB&T to take action to dismiss the foreclosure action and to record a certificate of satisfaction regarding the 24th Street Property, and enter such other and further relief as is just and proper.

       Respectfully submitted,

       COHEN, BALDINGER & GREENFELD, LLC

        /s/ Augustus T. Curtis                                    .
       Augustus T. Curtis, Esq. (#202579)
       2600 Tower Oaks Boulevard, Ste 103
       Rockville, MD 20852
       (301) 881-8300
       Counsel for the Debtor

-6-

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that I served the foregoing Motion, together with a proposed order thereon, this 19th day of June, 2019, by causing them to be placed in the United States Mail, postage prepaid, and addressed as follows:

Jordan M. Spivok, Esquire
Protas, Spivok and Collins
4330 East-West Highway, Suite 900
Bethesda, Maryland 20814

                                                 /s/ Augustus T. Curtis                         .
                                                Augustus T. Curtis, Esq.